**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JACOB NAASZ, STEPHANEA WHITE, and TIANA CUNNINGHAM individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 3:24-cv-03037-X |
| v. | § § | |
| DARWIN HOMES, INC., | § § § | |
| *Defendant.* | § § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant Darwin Homes, Inc. ("Darwin" or "Defendant") files this Answer and Affirmative Defenses to the Original Complaint [Doc. 1] ("Complaint") filed by Plaintiffs Jacob Naasz ("Naasz"), Stephanea White ("White"), and Tiana Cunningham ("Cunningham" and, collectively with Naasz and White, "Plaintiffs").

**I.    ANSWER**

1.1    With regard to the allegations contained in Paragraph 1.1 of the Complaint, Darwin admits only that Plaintiffs purport to bring this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA") and seek to recover the alleged damages identified in Paragraph 1.1 of the Complaint on behalf of themselves and other leasing agents who were employed by Darwin and who Plaintiffs allege are "similarly situated."  Darwin denies that it violated the FLSA or any other law, denies that there is any proper collective of alleged "similarly situated" leasing agents, denies that this lawsuit is properly maintained as a collective action, and denies that Plaintiffs or any other individuals are entitled to any relief.  Darwin denies the remaining allegations contained in Paragraph 1.1 of the Complaint.

1.2     With regard to the allegations contained in Paragraph 1.2 of the Complaint, Darwin admits only that Plaintiffs purport to bring this lawsuit as a collective action on behalf of a putative collective of current and former Darwin employees as described in Paragraph 1.2 of the Complaint. Darwin denies that it violated the FLSA or any other law, denies that there is any proper collective of Darwin employees, including as described in Paragraph 1.2 of the Complaint, denies that this lawsuit is properly maintained as a collective action, and denies that Plaintiffs or any other individuals are entitled to any relief.  Darwin denies the remaining allegations contained in Paragraph 1.2 of the Complaint.

1.3     With regard to the allegations contained in Paragraph 1.3 of the Complaint, Darwin admits only that Plaintiffs purport to bring their FLSA claims for the three years preceding the filing of the lawsuit through the date of trial.  Darwin denies the remaining allegations contained in Paragraph 1.3 of the Complaint.

1.4     With regard to the allegations contained in Paragraph 1.4 of the Complaint, Darwin admits only that Plaintiffs demand a jury trial on all issues so triable.  Darwin denies the remaining allegations contained in Paragraph 1.4 of the Complaint.

2.1     With regard to the allegations contained in Paragraph 2.1 of the Complaint, Darwin admits only that Naasz was previously employed by Darwin as a Leasing Associate from approximately October 2023 until approximately December 2023 and one of the documents attached as Doc. 1-2 to the Complaint purports to be Naasz's "Notice of Consent."  The allegations contained in Paragraph 2.1 of the Complaint that Naasz "is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations" constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Darwin denies the remaining allegations contained in Paragraph 2.1 of the Complaint.

2.2     With regard to the allegations contained in Paragraph 2.2 of the Complaint, Darwin admits only that White is currently employed by Darwin, White has worked for Darwin as a Leasing Associate since December 2023, and one of the documents attached as Doc. 1-2 to the Complaint purports to be White's "Notice of Consent."  The allegations contained in Paragraph 2.2 of the Complaint that White "is a current employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations" constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.  Darwin denies the remaining allegations contained in Paragraph 2.2 of the Complaint.

2.3     With regard to the allegations contained in Paragraph 2.3 of the Complaint, Darwin admits only that Cunningham is currently employed by Darwin, Cunningham has been employed by Darwin as a Leasing Associate since December 2023, and one of the documents attached as Doc. 1-2 to the Complaint purports to be Cunningham's "Notice of Consent."  The allegations contained in Paragraph 2.3 of the Complaint that Cunningham "is a current employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations" constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Darwin denies the remaining allegations contained in Paragraph 2.3 of the Complaint.

2.4     With regard to the allegations contained in Paragraph 2.4 of the Complaint, Darwin admits only that Plaintiffs purport to define the "Collective Action Members" as defined in Paragraph 2.4 of the Complaint.  Darwin denies that this lawsuit is properly maintained as a collective action, and denies that there is any proper collective of alleged "Collective Action Members" as defined in Paragraph 2.4 of the Complaint.  Darwin denies the remaining allegations contained in Paragraph 2.4 of the Complaint.

3

2.5     With regard to the allegations contained in Paragraph 2.5 of the Complaint, Darwin admits only that it is qualified to conduct business in the State of Texas and in this District, and that it can be served with process through its registered agent identified in Paragraph 2.5 of the Complaint. The allegations contained in Paragraph 2.5 of the Complaint that "Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas" constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Darwin denies the remaining allegations contained in Paragraph 2.5 of the Complaint.

2.6     With regard to the allegations contained in Paragraph 2.6 of the Complaint, Darwin admits only that, in each of the three years preceding the filing of the Complaint, its gross revenue exceeded $500,000. The remaining allegations contained in Paragraph 2.6 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

2.7     The allegations contained in Paragraph 2.7 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

3.1     With regard to the allegations contained in Paragraph 3.1 of the Complaint, Darwin admits only that this Court has subject matter jurisdiction over the federal claims asserted in the Complaint under the FLSA. The remaining allegations contained in Paragraph 3.1 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

3.2     With regard to the allegations contained in Paragraph 3.2 of the Complaint, Darwin admits only that venue is proper in this Court. The allegations contained in Paragraph 3.2 of the Complaint that "Darwin is a resident of … this District" constitute legal conclusions to which no

responsive pleading is required and, thus, those allegations are denied. Darwin denies the remaining allegations contained in Paragraph 3.2 of the Complaint.

4.1     With regard to the allegations contained in Paragraph 4.1 of the Complaint, Darwin admits only that it provides certain services related to the management, leasing, and administration for leases of rental properties in at least 15 states. Darwin denies the remaining allegations contained in Paragraph 4.1 of the Complaint.

4.2     With regard to the allegations contained in Paragraph 4.2 of the Complaint, Darwin admits only that it has employed each of the Plaintiffs during certain periods of time within the past three years. Darwin denies the remaining allegations contained in Paragraph 4.2 of the Complaint.

4.3     With regard to the allegations contained in Paragraph 4.3 of the Complaint, Darwin admits only that each of the Plaintiffs performed certain duties in connection with obtaining leases for residential rental properties in connection with their employment with Darwin. Darwin denies the remaining allegations contained in Paragraph 4.3 of the Complaint.

4.4     With regard to the allegations contained in Paragraph 4.4 of the Complaint, Darwin admits only that the Plaintiffs' job duties during their employment with Darwin included communicating over the phone in connection with obtaining leases for residential rental properties. The allegations contained in Paragraph 4.4 of the Complaint regarding the Plaintiffs' "primary job duty" constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Darwin denies the remaining allegations contained in Paragraph 4.4 of the Complaint.

4.5     The allegations contained in Paragraph 4.5 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

4.6     With regard to the allegations contained in Paragraph 4.6 of the Complaint, Darwin admits only that, during their employment with Darwin, Plaintiffs were provided certain productivity targets.  Darwin denies the remaining allegations contained in Paragraph 4.6 of the Complaint.

4.7     Darwin denies the allegations contained in Paragraph 4.7 of the Complaint.

4.8     Darwin denies the allegations contained in Paragraph 4.8 of the Complaint.

4.9     Darwin denies the allegations contained in Paragraph 4.9 of the Complaint.

4.10    Darwin denies the allegations contained in Paragraph 4.10 of the Complaint.

4.11    Darwin denies the allegations contained in Paragraph 4.11 of the Complaint.

4.12    Darwin denies the allegations contained in Paragraph 4.12 of the Complaint.

4.13    Darwin denies the allegations contained in Paragraph 4.13 of the Complaint.

4.14    Darwin denies the allegations contained in Paragraph 4.14 of the Complaint.

4.15    The allegations contained in Paragraph 4.15 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

5.1     With regard to the allegations contained in Paragraph 5.1 of the Complaint, Darwin incorporates the admissions and denials in the preceding paragraphs as if fully restated herein. Darwin denies any remaining allegations contained in Paragraph 5.1 of the Complaint.

5.2     Darwin denies the allegations contained in Paragraph 5.2 of the Complaint.

5.3     Darwin denies the allegations contained in Paragraph 5.3 of the Complaint.

5.4     Darwin denies the allegations contained in Paragraph 5.4 of the Complaint.

5.5     Darwin denies the allegations contained in Paragraph 5.5 of the Complaint.

5.6     Darwin denies the allegations contained in Paragraph 5.6 of the Complaint.

5.7     Darwin denies the allegations contained in Paragraph 5.7 of the Complaint.

5.8    The allegations contained in Paragraph 5.8 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

5.9    Darwin denies the allegations contained in Paragraph 5.9 of the Complaint.

5.10    With regard to the allegations contained in Paragraph 5.10 of the Complaint, Darwin admits only that Plaintiffs purport to bring this lawsuit as a collective action under 29 U.S.C. § 216(b).  Darwin denies the remaining allegations contained in Paragraph 5.10 of the Complaint.

5.11    With regard to the allegations contained in Paragraph 5.11 of the Complaint, Darwin admits only that Plaintiffs purport to assert claims under the FLSA on behalf of themselves and other leasing agents who Plaintiffs claim are "similarly situated."  Darwin denies the remaining allegations contained in Paragraph 5.11 of the Complaint.

5.12    Darwin denies the allegations contained in Paragraph 5.12 of the Complaint.

5.13    With regard to the allegations contained in Paragraph 5.13 of the Complaint, Darwin admits only that Plaintiffs purport to request that Darwin provide the information identified in Paragraph 5.13 as to other leasing agents who Plaintiffs claim are "similarly situated" for the purpose of providing notice of this lawsuit to such leasing agents.  Darwin denies that this case is properly maintained as a collective action, denies that notice is proper, and denies the remaining allegations contained in Paragraph 5.13 of the Complaint.

5.14    With regard to the allegations contained in Paragraph 5.14 of the Complaint, Darwin admits only that Plaintiffs seek to represent other leasing agents who Plaintiffs claim are "similarly situated" and who consent in writing to join this lawsuit.  Darwin denies the remaining allegations contained in Paragraph 5.14 of the Complaint.

5.15    With regard to the allegations contained in Paragraph 5.15 of the Complaint, Darwin admits only that Plaintiffs allege that individuals who choose to opt-in to the lawsuit will be listed on subsequent pleadings.   Darwin denies the remaining allegations contained in Paragraph 5.15 of the Complaint.

5.16    Darwin denies the allegations contained in Paragraph 5.16 of the Complaint.

5.17    With regard to the allegations contained in Paragraph 5.17 of the Complaint, Darwin admits only that Plaintiffs claim they have retained the lead counsel identified in the Complaint who they claim has extensive experience in FLSA matters.   Darwin denies the remaining allegations contained in Paragraph 5.17 of the Complaint.

6.1    With regard to the allegations contained in Paragraph 6.1 of the Complaint, Darwin incorporates the admissions and denials in the preceding paragraphs as if fully restated herein. Darwin denies any remaining allegations contained in Paragraph 6.1 of the Complaint.

6.2    With regard to the allegations contained in Paragraph 6.2 of the Complaint, Darwin admits only that Cunningham and White are currently employed by Darwin and Naasz was previously employed by Darwin at certain times.   Darwin denies the remaining allegations contained in Paragraph 6.2 of the Complaint.

6.3    Darwin denies the allegations contained in Paragraph 6.3 of the Complaint.

6.4    Darwin denies the allegations contained in Paragraph 6.4 of the Complaint.

6.5    Darwin denies the allegations contained in Paragraph 6.5 of the Complaint.

6.6    Darwin denies the allegations contained in Paragraph 6.6 of the Complaint.

6.7    Darwin denies the allegations contained in Paragraph 6.7 of the Complaint.

6.8    Darwin denies the allegations contained in Paragraph 6.8 of the Complaint.

6.9    The allegations contained in Paragraph 6.9 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

6.10    Darwin denies the allegations contained in Paragraph 6.10 of the Complaint.

7.1    With regard to the allegations contained in Paragraph 7.1 of the Complaint, Darwin admits only that Plaintiffs demand a trial by jury on all issues so triable.  Darwin denies the remaining allegations contained in Paragraph 7.1 of the Complaint.

The unnumbered paragraph following Paragraph 7.1 of the Complaint, and all sub-paragraphs thereto, contains Plaintiffs' prayer for relief, to which no response is required.  Darwin denies that Plaintiffs and any other individuals are entitled to any relief, including the relief identified in the unnumbered paragraph following Paragraph 7.1 of the Complaint, and all sub-paragraphs thereto.  Darwin further denies that this case is properly maintained as a collective action and that there is any proper collective of "Collective Action" members or "similarly situated" individuals.  Darwin denies the remaining allegations contained in the unnumbered paragraph following Paragraph 7.1 of the Complaint, and all sub-paragraphs thereto.

## II.    AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    The claims of some or all of Plaintiffs and potential opt-ins are barred, in whole or in part, because Darwin did not employ them within the meaning of the Fair Labor Standards Act ("FLSA").

3.    The claims of Plaintiffs and potential opt-ins are barred, in whole or in part, because they have been paid and/or received all compensation due to them.

4.    The claims of Plaintiffs and all potential opt-ins are barred, in whole or in part, by the applicable statute of limitations.

9

5.      The claims of Plaintiffs and all potential opt-ins are barred, in whole or in part, because Plaintiffs lack standing to assert the claims included in the Complaint on behalf of themselves and on behalf of some or all of the potential opt-ins.

6.      The claims of Plaintiffs and all potential opt-ins are barred as to all hours during which Plaintiffs and all potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

7.      The claims of Plaintiffs and all potential opt-ins are barred as to all hours during which Plaintiffs and all potential opt-ins were engaged in non-work activities during their purported work hours.

8.      The claims of Plaintiffs and all potential opt-ins are barred, in whole or in part, to the extent they seek compensation under the FLSA for activities that were not compensable.

9.      The claims of Plaintiffs and all potential opt-ins are barred, in whole or in part, by the doctrine of estoppel.

10.     The claims of Plaintiffs and all potential opt-ins are barred as to all hours allegedly worked of which Darwin lacked actual or constructive knowledge.

11.     The claims of some or all of Plaintiffs and potential opt-ins are barred, in whole or in part, by the exemptions under 29 U.S.C. § 213 and any applicable state law, including without limitation the administrative exemption, executive exemption, professional exemption, highly-compensated employee exemption, outside sales exemption, and/or any combination thereof.

12.     The claims of Plaintiffs and all potential opt-ins are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

13.     Plaintiffs have failed to allege facts sufficient to justify a collective action.

14.     Plaintiffs have failed to submit sufficient evidence to justify certification of a collective action.

15.     Plaintiffs have failed to adequately plead a motion for certification of a collective action or notice.  Nonetheless, in the event that the Complaint is deemed to move for certification and/or notice, Darwin objects for the reasons asserted herein, and Darwin respectfully requests a briefing schedule for the parties to brief their respective positions.

16.     Plaintiffs have not identified, and cannot identify, a group of "similarly situated" individuals.

17.     Plaintiffs are not "similarly situated" to each other or to those individuals they purport to represent.

18.     Plaintiffs have not established that any other person allegedly "similarly situated" to them desires to opt-in to this lawsuit.

19.     Plaintiffs have not identified potential opt-ins clearly and objectively.

20.     Plaintiffs cannot adequately represent the interests of any potential opt-ins.

21.     Plaintiffs' attempt to pursue this case as a collective action violates Darwin's constitutional rights to due process.

22.     Plaintiffs are not qualified to act as representatives on behalf of any putative class, and neither Plaintiffs nor Plaintiffs' counsel will fairly and adequately protect the interests of a putative class.

23.     Questions of law or fact common to the members of a putative class would not predominate over questions affecting only individual members of the putative class.

24.     Plaintiffs' attempt to pursue this case as a collective action fails because independent and individual analyses of Plaintiffs' claims and damages and the claims and damages of each potential opt-in and each of Darwin's defenses are required.

25.     Plaintiffs' attempt to pursue this case as a collective action fails because the Court must first consider "evidence of…threshold matters, like whether…[Plaintiffs] can bring an FLSA claim." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021).

26.     Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because the purported collective action is unmanageable and would not serve the interests of judicial economy.

27.     The proposed scope of the putative collective that Plaintiffs seek in this case is qualitatively overbroad.

28.     If Plaintiffs and/or any potential opt-ins are able to show a violation of the FLSA (which Darwin specifically denies), either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA.  Thus, a three-year statute of limitations and liquidated damages would not be warranted.

29.     Plaintiffs' damages, and those of all potential opt-ins, are limited by the provisions of the FLSA, including without limitation the limitations contained in 29 U.S.C. § 216(b) and 29 U.S.C. § 260.

30.     To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216(b) and 260.

31.     If Plaintiffs and/or any potential opt-ins are able to show a violation of the FLSA (which Darwin specifically denies), Darwin is entitled to seek a set-off or offset for any compensation paid to them beyond that to which they were entitled, including without limitation,

12

for any personal time spent during hours for which compensation was paid and for any amounts already paid to Plaintiffs and/or any potential opt-ins for hours worked over forty each workweek or otherwise provided for in 29 C.F.R. §§ 778.201–778.207.

32.     If Plaintiffs and/or any potential opt-ins are able to show that they are entitled to overtime pay (which Darwin specifically denies), Plaintiffs and any potential opt-ins would be entitled to no more than one-half their regular rate of pay for any overtime hours worked each workweek.

33.     Darwin reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by the discovery and factual development in this case.

### III.   ATTORNEYS' FEES AND COSTS

Darwin seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fees, costs, and expert witness fees, pursuant to all applicable law.

### IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Darwin prays that Plaintiffs take nothing by this suit and that Darwin recover all of its attorneys' fees, costs, and expert witness fees, and all other relief at law or in equity to which Darwin is justly entitled.

**Dated: December 27, 2024**

By: */s/ Mark D. Temple*
  Mark D. Temple, a*ttorney-in-charge*
  Texas Bar No. 00794727
  Peter J. Stuhldreher, *of counsel*
  Texas Bar No. 24056393
  Allison T. Brittain
  Texas Bar No. 24140150
  **BAKER & HOSTETLER LLP**
  811 Main Street, Suite 1100
  Houston, Texas 77002
  Phone: (713) 751-1600
  Facsimile: (713) 751-1717
  mtemple@bakerlaw.com
  pstuhldreher@bakerlaw.com
  abrittain@bakerlaw.com

  Jeremy B. Kustoff
  Texas Bar No. 24106984
  **BAKER & HOSTETLER LLP**
  2850 North Harwood Street
  Suite 1100
  Dallas, TX  75201-2640
  Telephone: (214) 210-1200
  Facsimile: (214) 210-1201
  jkustoff@bakerlaw.com

  **ATTORNEYS FOR DEFENDANT**
  **DARWIN HOMES, INC.**

## CERTIFICATE OF SERVICE

   In accordance with the Federal Rules of Civil Procedure, I hereby certify that on December 27, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice of this filing to all counsel of record in this matter.

          */s/ Mark D. Temple*
          Mark D. Temple

14