# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JACOB NAASZ, STEPHANEA WHITE, and TIANA CUNNINGHAM individually and on behalf of all others similarly situated,** | § § § § § | |
| | § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO. 3:24-cv-03037-X** |
| **v.** | § | |
| | § | |
| **DARWIN HOMES, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**PROTECTIVE ORDER**

The following Protective Order shall govern the disclosure of documents and information in this case by Plaintiffs Jacob Naasz, Stephanea White, and Tiana Cunningham, and any opt-in plaintiffs who may file consents to join this lawsuit (collectively, "Plaintiffs") and Defendant Darwin Homes, Inc. ("Defendant"), as well as any third parties who disclose documents and information in this case.

1.      All Confidential and AEO Material (as defined in paragraph 6) produced or exchanged during the pendency of this litigation shall be used solely for the purpose of this litigation, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      In connection with discovery proceedings in this action, the parties may designate any document, material, or testimony as "*Confidential*" under the terms hereof, provided that the document, material, or testimony is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential.  Additionally, the parties may designate any document, material, or testimony as

"*Attorneys' Eyes Only*" under the terms hereof, provided that the document, material, or testimony is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential information and Attorney Eyes Only information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Attorneys' Eyes Only documents shall be so designated by stamping copies of the document produced to a party with the legend "ATTORNEYS' EYES ONLY."  Stamping the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Additionally, including the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the file name of documents produced electronically in native format (e.g. WORD, EXCEL) shall designate all information contained in the file as confidential, unless otherwise indicated by the producing party.  If a party produces a document and later determines that it contains Confidential or AEO Material, that party will notify the other party in writing of the Bates range of documents being designated Confidential or Attorneys' Eyes Only.  It will then produce those documents with the confidentiality designation to the opposing party and all versions of the

-2-

documents, whether marked with the confidentiality designation or not, will be treated in accordance with this Order from that time.

4.      Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential or Attorneys' Eyes Only by making a statement to that effect on the record at the deposition or other proceeding.  Once any portion of a deposition is designated as Confidential or Attorneys' Eyes Only, the designated material will be treated in accordance with the terms hereof.

5.      If no confidentiality designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition to the party's counsel to designate, in writing to the other parties and the court reporter, portions of the transcript as Confidential or Attorneys' Eyes Only.

6.      Material designated as Confidential or Attorneys' Eyes Only under this Order and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as Confidential ("*Confidential Material*") or Attorneys' Eyes Only ("*AEO Material*") shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose whatsoever.

7.      Confidential Material produced pursuant to this Order may be disclosed or made available by the receiving party only to representatives of the producing party, any witnesses or potential witnesses during in a deposition, hearing, or at trial, the Court, the jury, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), court reporters, videographers and to the "qualified persons" designated below (each of whom shall keep such information confidential):

-3-

a.  the receiving party, and current employees or independent contractors of the receiving party whose services are necessary to assist in the prosecution, defense, or settlement of this action;

b.  testifying or consulting experts (together with their clerical staff) consulted or retained by counsel to assist in the prosecution, defense or settlement of this action;

c.  any persons requested by counsel to furnish services such as document coding, image scanning, copying, mock trial, translation services, and demonstrative exhibit preparation;

d.  any mediator retained by the parties in this action;

e.  any other person as to whom the parties in writing agree; and

f.  any other person as to whom the Court grants leave for the disclosure.

8.  Prior to disclosure of Confidential Material to any qualified person described in 7a – 7f above, the receiving party must (a) inform the qualified person of the confidential nature of the information and documents; and (b) inform the qualified person that this Court has enjoined the use of the information and documents for any purpose other than this litigation and has enjoined the disclosure of the information and documents to any other person.  Additionally, prior to disclosure of Confidential Material to any qualified person described in 7b – 7c above, those qualified persons shall be required to execute a declaration in the form attached as Exhibit "A" hereto.

9.  AEO Material produced pursuant to this Order may be disclosed or made available by the receiving party only to representatives of the producing party, the Court, the jury, outside counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), court reporters, videographers, and to the "qualified persons" designated below (each of whom shall keep such information confidential):

a. testifying or consulting experts (together with their clerical staff) consulted or retained by counsel to assist in the prosecution, defense or settlement of this action;

b. any persons requested by counsel to furnish services such as document coding, image scanning, copying, mock trial, translation services, and demonstrative exhibit preparation;

c. any mediator retained by the parties in this action;

d. any person who previously received or authored the AEO Material or any person who is testifying as a corporate representative under the Federal Rules of Civil Procedure for a party whose director(s), officer(s), employee(s), or agent(s) previously received or authored the AEO Material;

e. any other person as to whom the producing party agrees; and

f. any other person as to whom the Court grants leave for the disclosure.

10. Prior to disclosure of AEO Material to any qualified person described in 9a – 9f above, the receiving party must (a) inform the qualified person of the confidential nature of the information and documents; and (b) inform the qualified person that this Court has enjoined the use of the information and documents for any purpose other than this litigation and has enjoined the disclosure of the information and documents to any other person. Additionally, prior to disclosure of AEO Material to any qualified person described in 9a – 9b above, those qualified persons shall be required to execute a declaration in the form attached as Exhibit "A" hereto.

11. Nothing herein shall preclude counsel for any party, in the course of rendering advice to the party with respect to this action, from conveying to the party its general evaluation of material designated Attorneys' Eyes Only; provided however, counsel shall not disclose the specific contents of the material designated Attorneys' Eyes Only.

12. Nothing herein will preclude any party from offering into evidence at a hearing or trial any records provided under this Order or information contained in them. In the event that

any party to this Order intends to file, excerpt, or describe any Confidential or AEO Material with the Court by attaching the material to any pleadings, motions, briefs or any other papers, the documents, excerpt, or description shall be filed under seal or redacted, with a copy served on the other parties, to the extent it is permitted to do so according to the applicable authority, Local Rules, and Federal Rules of Civil Procedure.

13.    Nothing herein shall preclude either party from disclosing documents pursuant to any other lawful process or as may be required by any governmental or regulatory authority whose powers include requesting or compelling the disclosure of such documents.  In the event any party is served with a subpoena or other request to disclose Confidential or AEO Material produced in this case, that party must give notice to the producing party within three (3) business days of receiving the subpoena or request, unless production of the Confidential or AEO Material is required sooner, in which case as much notice as practicable must be given in order to give the producing party an opportunity to quash the subpoena or other process.

14.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential and AEO Material as it deems appropriate.

15.    Within thirty (30) days of the entry of a final judgment in this case, or in the event of an appeal, within thirty (30) days of the final disposition of any appeal, or in the event of a settlement, within thirty (30) days of the fully executed settlement agreement, the parties shall return all Confidential and AEO Material to the producing party, including all copies, summaries or abstracts of Confidential and AEO Material, or destroy all Confidential and AEO Material and shall certify to the producing party in writing that this return or destruction has been done.

-6-

However, outside counsel for any party is entitled to retain all court papers, trial transcripts, deposition transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Order.

16.     This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17.     This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process and to protect matters alleged to constitute confidential information.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18.     Any non-party producing documents, materials, or testimony in this action may designate such documents, materials, or testimony as Confidential or Attorneys' Eyes Only pursuant to this Order.  In the event that any party or their counsel obtain information from a third party that a party believes to be confidential, they may designate such information as Confidential or AEO Material pursuant to this Order and it shall be treated as such in accordance with this Order.

-8-

IT IS SO ORDERED this _____ day of _____, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB NAASZ, STEPHANEA WHITE, and TIANA CUNNINGHAM individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br>v.<br><br>DARWIN HOMES, INC.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:24-cv-03037-X |

## CONFIDENTIALITY DECLARATION

I have read the Protective Order ("Order") entered in this matter. I agree to be bound by the terms of the Order and acknowledge that I may only use Confidential and AEO Material given or disclosed to me for the purpose of my involvement or engagement in this case. I hereby agree to submit to the jurisdiction of the above identified Court for the purpose of enforcing compliance in connection with the Order. I also agree that injunctive relief is an appropriate remedy for any violation of the Order.

SIGNED this _____ day of _____, 20____.

_____
Signature